IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

V.        4:04CR00114-01
          4:07CV00014

CLIFFORD T. THOMAS

### ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

Pending is the Petitioner's Motion to Vacate, Set aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The Government has responded to the motion. For the reasons set forth below, the motion is DENIED.

On December 15, 2004, Petitioner entered a plea of guilty to knowingly and intentionally distributing more than 5 grams, approximately 27.2 grams of crack cocaine, a violation of 21 U.S.C. § 841(a)(1). On March 28, 2005, Petitioner moved the Court to withdraw his guilty plea and allow him to proceed to trial. The Court granted the motion. On July 18, 2005, Plaintiff's jury trial began. The following day the jury returned a verdict of guilty to all four counts of the Superseding Indictment against the Petitioner. The Court sentenced Petitioner to a term of 97 months imprisonment on Count One to run concurrently with the terms resulting from the remaining three counts, four years supervised release, and a mandatory special assessment penalty of $100.00. Petitioner did not file a direct appeal of his conviction.

Currently pending before the Court is Petitioner's § 2255 motion arguing that (1) his conviction was obtained by a violation of the privilege against self incrimination; (2) he was denied his right to appeal; and (3) that counsel was infective because he "wrongfully advised petitioner about facts pertaining to his plea, plea agreement, sentencing guidelines, and

withdrawal of plea."

Petitioner claims his privilege against self incrimination was violated when he was advised to plead guilty to Count One of the Superseding Indictment and sign a plea agreement. Petitioner claims, and the United States admits, that he "entered into the plea agreement based upon misleading and incorrect sentencing considerations and calculations assessed by counsel for both parties." (Joint Motion to Withdraw Guilty Plea, Docket # 27).  However, this fact was never presented to the jury who heard his case and convicted him.  Plaintiff did not incriminate himself at trial.  He did not testify at trial.  Any error created by Petitioner's guilty plea was corrected by the Court's Order granting Plaintiff the opportunity to withdraw his plea and proceed to trial.

Petitioner argues that he was denied his right to appeal his conviction because his attorney failed to timely file a notice of appeal or a motion for extension of time.  This contention amounts to a claim for ineffective assistance of counsel.  To obtain relief on his ineffective assistance of counsel claim, Petitioner must show both that his counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense. See *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).   To establish ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Petitioner must prove that his attorney's performance was deficient, overcoming the strong presumption that defense counsel's representation fell "within the wide range of reasonable professional assistance." *Id*. at 689, 104 S.Ct. 2052.  Petitioner must also prove prejudice by demonstrating that absent counsel's errors there is a reasonable probability that the result of the proceeding would have been different.  *Id*. at 694, 104 S.Ct.

Petitioner fails to state any facts which would support his assertion that he had ineffective assistance of counsel based upon his counsel's alleged failure to file a notice of appeal or extension motion. Petitioner provides no evidence, not even an assertion, that he told his attorney to file these pleadings. More significant is the fact that Petitioner has not presented any potential grounds for an appeal of his conviction. Therefore, Petitioner has not shown that but for his counsel's failure to file an appeal, his conviction would have been reversed.

Further, Petitioner argues that he was denied effective assistance of counsel when his counsel wrongfully advised him about the facts pertaining to his plea, plea agreement, sentencing, and withdrawal of plea. As stated above, any error resulting from Petitioner's guilty plea was nullified in this case when the Court allowed Petitioner to withdraw his guilty plea. Petitioner suffered no prejudice based upon his initial plea of guilty.

In conclusion, Petitioner has not present any nonconclusory, credible evidence supporting his claims. A "claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face...." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir.1994). Petitioner has neither shown that his trial counsel's performance was deficient nor that, but for his trial counsel's errors, the result would have been different.

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is DENIED (# 58).

IT IS SO ORDERED this  17  day of December, 2007.

/s/ James M. Moody
James M. Moody
United States District Judge